UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff,

       v.

CALEB JESSE CHAPMAN,

                Defendant.

Case No.  MJ21-05185

DETENTION ORDER

THE COURT, having conducted a detention hearing pursuant to 18 U.S.C. Section 3142, finds that no condition or combination of conditions which defendant can meet will reasonably assure the safety of any other person or the community; nor are there conditions that would reasonably assure the defendant would be less likely to fail to appear for court proceedings. The defendant is represented by Assistant Federal Defender John Carpenter. The government is represented by Assistant United States Attorney Kristine Foerster.

Mr. Chapman is charged with Assault by Striking, Beating or Wounding his companion, A.J. Dkt. 1, Complaint, at p.3. The government filed a motion for detention (Dkt. 4), and accompanying documents, (Dkt. 8) asserting that if released, Mr. Chapman would pose a risk of obstruction of justice, and risk of dangerousness to others and to the community.

The Court heard information and argument presented during the hearing on September 7, 2021, and information provided by Pretrial Services, including the pretrial services reports (Dkts 7, 9).

The four factors the Court must consider under the Bail Reform Act are: 1. nature and seriousness of the charges; 2. weight of the evidence against the defendant; 3. history and characteristics of the defendant; and 4. "nature and seriousness of the danger to any person or the community that would be posed by

1

the person's release." 18 U.S.C. § 3142(g)(1)-(4). The Bail Reform Act recognizes that release should be the normal course, and "detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno,* 481 U.S. 739, 755 (1987). In evaluating whether the defendant poses a serious potential for dangerousness, it is not necessary for the Government to produce, or for the Court to rely on, evidence of prior convictions for violent crimes. *United States v. Hir,* 517 F.3d at 1091-92; *United States v. Rodriguez,* 950 F.2d 85, 88-89 (2d Cir. 1991).

In this case, the government met its burden of proving by a preponderance of the evidence that the defendant presents a significant risk of failure to appear, based on the defendant's history of repeated criminal conduct showing he has a pattern of not conforming his behavior to the law, the circumstances of his attempts to avoid arrest, and a history of domestic violence protection orders. Dkt. 8, Memorandum in Support of Motion for Detention; Dkt. 9, Supplemental Pretrial Services Report.

The Court also finds the government met its burden of proving by clear and convincing evidence that the defendant presents a significant risk of danger to others or to the community, including a significant risk of obstruction of justice. The defendant has a domestic violence history of protective orders based on allegations of harmful physical conduct against partners -- first during 2017, based on conduct regarding his wife and family (his wife is deceased) in connection with divorce proceedings; and, at present, regarding the current charges that involve an alleged assault on his girlfriend. Dkts. 8, 9.

The record shows that while charges were pending (see Dkt. 9 at p.5) with the Clallam County Superior Court for an offense concerning leaving his children unattended, Mr. Chapman allegedly committed the instant offense of assault

2

1 against his girlfriend, A.J. Dkts. 8 , 9. The Complaint states that after he discovered

2 that A.J. called the police, he behaved violently toward her; during the time he was

3 behaving violently toward A.J., Mr. Chapman told her to shut up. Dkt. 1, at p.3; Dkt.

4 8 at p.6. Mr. Chapman also has prior civil restraining orders for domestic violence.

5 Dkt. 8, 9. The petitions by Ms. Chapman in 2017, concerning conduct by defendant

6 against his wife and three minors, included allegations of strangulation, physical

7 assaults, and verbal threats that he would use an AR 14 rifle against her. Dkt. 8 at

8 p. 7.

9

10 Even with conditions by which the defendant's whereabouts could

potentially be monitored, the Court finds that there are no conditions of release

11 that would effectively mitigate the potential for failure to appear, flight to avoid

12 prosecution, or failing to comply with conditions of supervised release pending trial.

13 And Mr. Chapman's history of prior civil restraining orders for domestic violence

14 shows that he has not demonstrated law abiding behavior in the community.

15

16 The defendant has ties to the community, and significant family support. During

17 the hearing, the defense and the Pretrial Services Officer proposed that Mr. Chapman

18 should be supervised electronically in his mother's home, located in Forks, Washington.

19 Dkt. 9. The Court finds this would not be a viable release plan under the Bail Reform

20 Act, because the Court cannot effectively prevent the defendant from obtaining

21 controlled substances (methamphetamine use is described by the government and also

22 by the defense, as being a long-term challenge for Mr. Chapman), or from leaving this

23 location. Mr. Chapman's mother has a job and would not be in the home to give him a

24 structured environment.

Mr. Chapman has economic ties to the community, although he is not employed,

1   he owns real property. Dkt. 9.

2         Even with electronic location monitoring, the defendant would potentially be able

3   to obtain contraband from others and would not be in a locked facility – the Court finds

4   that a locked facility is necessary to protect the community. Mr. Chapman allegedly

5   started a fire in Olympic National Park, allegedly used violence against A.J. when she

6   tried to contact authorities, and allegedly disabled an emergency services

7   communication device in the National Park. Dkt. 1; Dkt. 8 at pp. 6-8. Even with

8   conditions by which the defendant's whereabouts could potentially be monitored, the

9   Court finds that there are no conditions, or combination of conditions of release that

10  would effectively mitigate the potential for danger to the community, or risk of

11  obstruction of justice, or non-appearance. Even with diligent supervision by United

12  States Probation and Pretrial Services, including GPS electronic monitoring, the daily

13  activities of the defendant cannot be supervised to prevent access to contraband. Nor

14  would the probation and pretrial services professionals be able to control other people

15  who might come to the residence where the defendant may be residing.

16        The Court finds: The government met its burden of proving by a preponderance

17  of the evidence that the defendant presents a significant risk of failure to appear, based

18  on his attempts to avoid arrest in the instant case. The government also met its burden

19  of proving by clear and convincing evidence that the defendant presents a significant

20  risk of danger to others and to the community, and there are no condition or

21  combination of conditions which defendant can meet that will reasonably assure the

22  safety of any other person and the community, or the appearance of the defendant.

23  This finding is based on:

24   1) the nature and circumstances of the offense(s) charged,

    2) the weight of the evidence against the person;

4

1  3) the history and characteristics of the person;

2  4) criminal history;

3  5) attempting to avoid arrest concerning the instant offense; and

4  6) the nature and seriousness of the danger release would impose to any person or the

5     community, including a history of repeated violent behavior and committing new

6     offenses while prior charges were pending.

7

8                                        *Order of Detention*

9

10  <    The defendant shall be committed to the custody of the Attorney General for

11      confinement in a corrections facility separate, to the extent practicable, from

12      persons awaiting or serving sentences or being held in custody pending appeal.

13  <    The defendant shall be afforded reasonable opportunity for private consultation

14      with counsel.

15  <    The defendant shall on order of a court of the United States or on request of an

16      attorney for the Government, be delivered to a United States Marshal for the

17      purpose of an appearance in connection with a court proceeding.

18      Dated this 7th day of September 2021.

19

20

21                                    *Theresa L. Fricke*
                                      _____
                                      Theresa L. Fricke
22                                    United States Magistrate Judge

23

24